IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LEO T. SAMUEL III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:26-CV-88-Z-BR |
| | § | |
| CONNIE OGLA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

On June 3, 2026, the undersigned ordered Plaintiff to amend the deficiencies in his complaint and pay the Court's filing fee. (ECF 6). Plaintiff paid the filing fee on June 25, 2026, but did not file an amended complaint. The undersigned then allowed Plaintiff another chance to comply with the order by July 20, 2026. (ECF 7). Since the issuance of that order, Plaintiff has not taken any action in this case and has not communicated with the Court regarding his intent to do so.

Accordingly, and for the following reasons, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that this case be DISMISSED without prejudice for failure to prosecute or comply with Orders of the Court.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure allow a court to order the involuntary dismissal of a plaintiff's action "if the plaintiff fails to prosecute or to comply with . . . a court order." FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone*

*Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)); see also *Rosin v. Thaler*, 450 F. App'x 383, 383–84 (5th Cir. 2011) (per curiam) ("A district court may sua sponte dismiss an action for failure to prosecute or failure to obey a court order.")

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice for want of prosecution is an extreme sanction that should be used only when a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]" *Id.* at 880; *see also Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016) ("[l]esser sanctions such as . . . dismissal without prejudice are usually appropriate before dismissing with prejudice").

## II. PROCEDURAL HISTORY AND ANALYSIS

Plaintiff, proceeding pro se, filed his complaint on April 29, 2026, (ECF 3), and the District Judge referred the case to the undersigned on May 8, 2025. (ECF 5). On June 3, 2026, the undersigned issued an order identifying several deficiencies in Plaintiff's complaint. (ECF 6). These deficiencies included Plaintiff's failure to identify the source of this Court's jurisdiction and failure to state a claim showing that he is entitled to relief. (*Id.* at 1). The order instructed Plaintiff to cure the deficiencies in his complaint, as well as pay the $405.00 filing and administrative fee. (*Id.* 2). Plaintiff was warned that any failure to do so could "result in the dismissal of [his] complaint without further notice." (*Id.*).

Plaintiff paid his filing fee on June 25, 2026, but did not otherwise comply with the Court's order. The undersigned again ordered Plaintiff to cure the deficiencies in his complaint on July 2, 2026. (ECF 7). In this order, the undersigned explicitly warned Plaintiff that if he did not comply, she would "recommend that the District Judge dismiss this case for want of prosecution." (*Id.*).

Plaintiff has still not complied with the Court's order, resulting in a waste of judicial time and resources. The Court warned Plaintiff several times that failure to amend his complaint could result in the dismissal of this action. (ECF 6, 7). Because Plaintiff has not amended his complaint, he has not stated a claim showing that he is entitled to relief, nor shown that the Court has jurisdiction over this action. Accordingly, dismissal without prejudice of this case is appropriate.

## III. CONCLUSIONS AND RECOMMENDATION

Thus, it is the RECOMMENDATION of the undersigned United States Magistrate Judge to the presiding United States District Judge that Plaintiff's claims in this case be DISMISSED without prejudice for failure to prosecute or to comply with a court order pursuant to Federal Rules of Civil Procedure 41(b)).

IT IS SO RECOMMENDED.

ENTERED July 23, 2026.

Lee Ann Reno

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these findings, conclusions and recommendations to each party by the most efficient means available.

## NOTICE OF RIGHT TO OBJECT

Any party may object to these findings, conclusions and recommendations. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendations." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).